IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JUDY JARVIS, | : | |
| Plaintiff | : | Civil Action 2:07-cv-1178 |
| v. | : | Judge Frost |
| COMMISSIONER OF SOCIAL SECURITY, | : | Magistrate Judge Abel |
| | : | |
| Defendant | | |

**ORDER**

On November 19, 2007 Plaintiff Judy Jarvis filed this action pursuant to 42 U.S.C. §423, seeking review of the Commissioner's final decision denying her application for a period of disability and Disability Insurance Benefits. On January 14, 2009, the Magistrate Judge issued a Report and Recommendation that the decision of the Commissioner of Social Security be affirmed. This matter is now before the Court pursuant to Plaintiff's objections (Doc. 17).

Plaintiff suffers from fibromyalgia, a condition which manifests itself as general pain and fatigue. Its only known objective symptom is the presence of "multiple tender spots, more precisely 18 fixed locations on the body". *Sarchet v. Chater*, 78 F.3d 305, 306-307 (7th Cir. 1996). The administrative law judge ("ALJ") identified fibromyalgia as one of Plaintiff's impairments, and that diagnosis was not

1

disputed by the non-examining physician who testified at Plaintiff's hearing. (R. 531.) The sole question at bar, Plaintiff states, is "the severity of the fibromyalgia." (Doc. 17 at 1.) She argues that the ALJ's decision, and the recommendation of the Magistrate Judge, are in conflict with the appellate decision in *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234 (6th Cir. 2007).

Factual Background

Plaintiff claims that she became disabled on November 1, 2002, at age 54, by fibromyalgia with myofascial pain syndrome. (R. 16, 490.) She most recently worked as a receptionist. (R. 53.) At her hearing, she testified that she was diagnosed with fibromyalgia in 2000, that she has pain in her neck, shoulders, hands, hips, knees, and feet, aggravated by stress, and that this condition causes her fatigue. (R. 18.)

Her family doctor, Robert Zaino, M.D., treated her from 2003 until at least 2006. The majority of her visits to Dr. Zaino were for complaints not specifically related to fibromyalgia. His notes from 2003 through 2005 repeatedly reflect a diagnosis of fibromyalgia, although the severity of her symptoms varied considerably. (R. 259-260, 268, 274.) On December 8, 2003, after Plaintiff filed her application for benefits, Dr. Zaino drafted a letter "to whom it may concern". (R. 252.) This letter recited that Plaintiff had "primary fibromyalgia syndrome, glaucoma, left carpal tunnel syndrome, malaise and fatigue, major depression and nonrestorative sleep." He opined that Jarvis "is totally disabled and has been

2

unable to be employed because of her medical conditions for the past few years, which are getting progressively worse." On June 20, 2006, after Plaintiff appealed her initial denial to the Appeals Council, Dr. Zaino drafted a second letter, which stated again that Plaintiff was "disabled and unable to be employed due to her extreme case of fibromyalgia," and that "[s]he has fatigue and pain which does not allow her to be employed at this time." (R. 445.)

### The ALJ's Opinion

The Magistrate Judge's Report and Recommendation correctly stated the standard of review applied to the findings of the Commissioner. In general, where such findings of fact are supported by reasonable evidence, the court will not disturb them, even if the evidence could support a contrary conclusion. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).

Here, the Administrative Law Judge found that fibromyalgia was one of Plaintiff's severe impairments, but that Plaintiff retained the residual functional capacity to perform light work. (R. 25-26.) She based this finding upon the opinion of the testifying medical expert, Dr. Nusbaum, and upon her assessment of Plaintiff's credibility. (R. 21-22.) Even though Dr. Zaino was the treating physician, the ALJ specifically rejected his opinion as to Plaintiff's capabilities:

> In December 2003, Robert Zaino, M.D., opined that the claimant was totally disabled (Exhibit 19F, p. 1), but this, too, is rejected. Dr. Zaino did not provide a function by function assessment of the claimant's

3

> work capacity. The treatment record, as summarized, documents generally only conservative, periodic treatment for nonrecurring or intermittent complaints. Furthermore, Dr. Zaino's opinion appears to rely significantly on the subjective complaints of the claimant, who is not entirely credible. Further, this opinion is conclusory, does not contain a function by function analysis of what the claimant is or is not able to do, and provides very little explanation of the evidence relied on in forming the opinion. Moreover, this opinion addresses an area that is reserved to the Commissioner (20 CFR §404.1527(e)).

(R. 21-22.)

### The Magistrate Judge's Report and Recommendation

On appeal to this court, Plaintiff argued that the Commissioner's decision failed "to give to Dr. Zaino the deference to which his disability opinion was entitled", and that it erroneously relied upon objective evidence of fibromyalgia, mischaracterized Plaintiff's activities of daily living ("ADL's"), and disregarded Plaintiff's inability to continue her part-time sedentary last job. (Doc. 12 at 11.) The Magistrate Judge, in his Report and Recommendation (Doc. 16), accurately summarized the record. He concluded that the ALJ was correct in holding that Dr. Zaino's opinion was not entitled to deference, because it was not well-supported by detailed clinical and diagnostic test evidence, but was, instead, based substantially upon Plaintiff's subjective complaints about her condition. In addition, the Magistrate Judge found that the ALJ's findings as to the Plaintiff's credibility were supported both by the ALJ's observations at the hearing and by what she identified and characterized as inconsistent testimony.

The Magistrate Judge also addressed the question of whether the ALJ could

4

have relied upon Dr. Nusbaum's testimony.  At the hearing, Dr. Nusbaum did not dispute that Plaintiff had fibromyalgia.  He stated, however, that based upon his review of the "objective record", he had concluded that Plaintiff was not totally disabled.  Plaintiff claimed in her statement of errors that, when evaluating claims of fibromyalgia "opinions that focus solely upon objective evidence are not particularly relevant." *Rogers*, 486 F.3d at 245.  The Magistrate Judge found that the holding in *Rogers* did not bar an objective opinion on whether a person's fibromyalgia was disabling.

Analysis

Plaintiff Judy Jarvis now brings objections to the Report and Recommendation, articulating essentially the same arguments as in her initial statement of errors.  She urges that "[t]he model in this case is virtually identical to that in *Rogers* [...] in which the primary treating physician and the claimant's testimony are consistent with disability, while the opinions of the State Agency reviewers, the non-examining, Dr. Nusbaum, and the Commissioner's decision conclude it is not." (Doc. 17 at 1.)

In *Rogers v. Comm'r of Soc. Sec.*, a claimant asserted that fibromyalgia prevented her from engaging in substantial gainful employment.  Her regular treating physician, a treating rheumatologist, and a rehabilitation specialist all reported that Rogers had become significantly limited in her ability to perform activities such as sitting, standing, walking, and lifting.  Significantly, her treating

5

physician made specific and categorized assessments as to Rogers' physical abilities. A state agency physician, however, reviewed the record and produced a residual functional capacity assessment concluding that Rogers had fibromyalgia, but that she had the capability to work. A non-examining physician testifying at her ALJ hearing likewise opined that, based solely on the objective record, Rogers had few limitations, but that if her subjective complaints were credited she could perform only sedentary work. *Id.* at 240-241. The ALJ issued a written decision finding that Rogers' fibromyalgia was not a severe impairment, finding that Rogers did not have rheumatoid arthritis, and denying benefits.

On eventual appeal, the Sixth Circuit Court of Appeals examined the question of whether the ALJ had properly evaluated the medical opinion evidence. It found that:

> Most importantly, it is clear that the opinions offered by Drs. Leeb [the testifying medical expert] and Rath [the state agency physician] were concerned solely with objective medical evidence. Dr. Leeb testified that "objectively" he found no evidence that Rogers had a severe physical impairment. He also testified that if Rogers' subjective complaints were considered, she would likely be limited to essentially sedentary work. But based on "pure objective findings," Dr. Leeb opined that Rogers has very few limitations. The physical limitations assessed by Dr. Rather were very similar to those ultimately found by the ALJ in determining Rogers' RFC. Although Dr. Rath acknowledged that Rogers has fibromyalgia, the limitations he suggested were based upon the lack of objective findings. Thus, the foundation for the opinions offered by Drs. Leeb and Rath was the lack of objective findings. However, in light of the unique evidentiary difficulties associated with the diagnosis and treatment of fibromyalgia, opinions that focus solely upon objective evidence are not particularly relevant.

486 F.3d at 245.

6

Plaintiff argues that the holding in *Rogers* clearly mandates that an opinion concerning fibromyalgia reached on the basis of the objective record should be discounted in favor of the applicant's subjective testimony and the opinions of her treating physician. The Commissioner argues that this case is fundamentally different from *Rogers* because the question of whether Plaintiff's fibromyalgia is a severe impairment is not in dispute; instead, the question of her residual functional capacity is at issue.

The Commissioner is correct. In *Rogers*, the administrative law judge found, despite the testimony of the claimant and the opinion of her treating physician, that her fibromyalgia was not a severe impairment. He based this medical conclusion on the findings of a non-examining physician who examined only the objective record. Here, as the magistrate judge pointed out, the ALJ found that Plaintiff did have fibromyalgia as a severe impairment. (R. 18.) If she had found otherwise, and had based such decision solely upon the opinion of Dr. Nusbaum drawn only from objective evidence, then such decision might have run afoul of *Rogers*.

Instead, the issue in dispute is really Plaintiff's residual functional capacity. On this Plaintiff's treating physician, Dr. Zaino, offered no opinion. He stated in his letters "to whom it may concern" his conclusion that Plaintiff was "disabled and unable to be employed". However, 20 CFR §404.1527(e)(1) states that an opinion that a person is disabled is not a medical opinion, because it is for the Commissioner to determine whether or not a claimant meets the statutory definition of disability. An administrative law judge will not give any special

7

significance to opinions on issues reserved to the Commissioner. 20 CFR §404.1527(e)(2). Therefore, Dr. Zaino's opinion that Plaintiff was "disabled" is not entitled to deference.

Dr. Zaino might have, but did not, offer an opinion concerning Plaintiff's specific physical capabilities, strength, mobility, or stamina. In the absence of such opinion, the ALJ relied upon Dr. Nussbaum as to what the record objectively demonstrated were her capabilities.[1] The use of an opinion based upon objective evidence in determining a claimant's residual functional capacity – rather than in a determination of whether or not a claimant suffers from fibromyalgia at all – is not barred by *Rogers*. If it were, administrative law judges would be essentially forced to simply accept claimants' subjective statements as to their physical capabilities.

Plaintiff also makes the following objection:

> The R&R stated the ALJ's credibility determination was based on her observation the claimant did not appear in pain at the hearing and concluded her claim of impairment in daily activities with contradictory. Such an observation is nothing more than an application of a "sit and squirm" test which has been rejected to *Gaffney v. Brown* 825 F. 2d 98 101 (6th Cir. 1987)

(Doc. 17 at 3.)

---

[1] As the Magistrate Judge noted in his Report and Recommendation, Plaintiff's counsel examined Dr. Nussbaum at the hearing. Dr. Nussbaum stated that he was "not disputing" that Plaintiff has fibromyalgia, but rather that he was, based on the record, disputing that it was "totally disabling". (R. 531-532.)

It is worthy of note that the ALJ rejected the more optimistic residual functional capacity opinion of Dr. Rath, the state agency physician, on grounds that Dr. Rath, unlike Dr. Nussbaum, had not observed Plaintiff's testimony or reviewed the complete record. (R. 21.)

8

As the Magistrate Judge found, the administrative law judge's opinion clearly demonstrated that she based her assessment of Plaintiff's credibility on a variety of factors. She noted that Plaintiff alleged that it was painful for her to write due to carpal tunnel syndrome, but that she had written "profusely" in response to questionnaires. (R. 23.) She stated that Plaintiff reported to an examining psychologist a level of daily activity inconsistent with her alleged degree of symptoms. (R. 23.) She stated that Plaintiff had made inconsistent statements concerning her alcohol consumption, an alleged automobile accident, and her ability to stand. (R. 24.) She also stated that her personal observations at the hearing were incompatible with Plaintiff's claims of distracting pain. (R. 24.) Plaintiff's objection that the ALJ based her credibility determination on nothing more than a "sit and squirm" test is without merit.

Conclusion

For the reasons stated herein, Plaintiff's Objections (Doc. 17) are hereby **OVERRULED**. The Report and Recommendation of the Magistrate Judge (Doc. 16) is hereby **ADOPTED**. The decision of the Commissioner of Social Security is **AFFIRMED**. The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for Defendant. This action is hereby **DISMISSED**.

s/Gregory L. Frost  
United States District Judge